UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY LEE BILLS,

    Plaintiff,

v.

E. SANCHEZ, et al.,

    Defendants.

No. 2:16-cv-2137-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant Griffith ("defendant") has filed a motion for summary judgment (ECF No. 21) in which he argues that plaintiff failed to exhaust his administrative remedies against him before bringing this suit. Plaintiff has filed an opposition to the motion. ECF No. 23. Additionally, after the motion for summary judgment was fully briefed, plaintiff filed a motion to compel. ECF No. 25. For the reasons stated below, the court denies plaintiff's motion to compel and recommends that defendant's motion for summary judgment be granted.

## **Motion to Compel**

**P**laintiff's motion to compel is untimely. The court set the schedule for discovery in an order dated December 8, 2016. ECF No. 11. Therein, it explicitly stated that discovery was to be completed by April 7, 2017 and that any motions necessary to compel discovery were to be filed
/////

1

by that date. *Id.* at 4. Plaintiff submitted his motion to compel on August 17, 2017.[1] ECF No. 25 at 7. Discovery was closed months earlier and plaintiff has not offered a reason to excuse his failure to comply with the court's scheduling order nor presented good cause for modification of that order. Thus, his motion to compel is denied. *See United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984) (holding that pro se litigants are subject to the same rules of procedure and evidence as those that are represented by counsel).

## **Motion for Summary Judgment**

### **I. Background**

Plaintiff alleges that, on October 7, 2015 and while incarcerated at Mule Creek State Prison, he left the prison medical line to use the bathroom. ECF No. 1 at 3. He was approached by defendant and another officer – E. Sanchez.[2] *Id.* Sanchez questioned where he was going and, unsatisfied with his answer, placed him in handcuffs. *Id.* Sanchez then allegedly walked him out of range of the yard camera and slammed him into a wall. *Id.* With respect to defendant, plaintiff alleges that he failed to intervene to stop Sanchez's illegal use of force. *Id.* at 5.

### **II. Legal Standards**

#### **A. Summary Judgment Standard**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment

/////

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

[2] Sanchez is a defendant in this action, but he does not move for summary judgment in this motion.

motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 248; *Auvil v. CBS "60 Minutes*,*"* 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district

court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J.,

4

dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

**B.     Administrative Exhaustion**

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id*. at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.

**III.     Analysis**

Defendant argues that plaintiff failed to exhaust his administrative remedies against him before filing this suit. Specifically, he contends that plaintiff failed to allege any wrongdoing against him in the grievance filed with respect to the October 7, 2015 incident.

5

The parties do not dispute that only one grievance was filed with respect to the excessive force incident underlying this suit. In that grievance, plaintiff alleges – as he does in his complaint – that Sanchez used excessive and unnecessary force against him. ECF No. 21-6 at 12. With respect to defendant, however, plaintiff stated only that defendant was accompanying Sanchez as the two officers exited a building and encountered plaintiff. *Id.* He did not explicitly allege that defendant engaged in any misconduct. *Id.*

Prison officials denied the grievance at the second level and identified plaintiff's claim as "In your appeal, you allege on October 7, 2015, Officer E. Sanchez used excessive and unnecessary force on you." *Id.* at 14. The response notes that plaintiff's grievance alleged that he came into contact with defendant and Sanchez on the date in question, but went on to address only Sanchez's alleged acts. *Id.* The second level memorandum reproduces portions of an interview between plaintiff and an investigating officer. Therein, the investigator asks plaintiff whether there were any witnesses to Sanchez's use of force – either staff or other inmates. *Id.* at 15. Plaintiff replies "[n]o of course not. That's why Sanchez did it in the sallyport, so there won't be no witnesses." *Id.* The grievance appeal was deemed partially granted insofar as the appeal review was completed. *Id.* Prison officials also found, however, that there was no violation of policy. *Id.* At the third level, prison officials affirmed the decision rendered at the second level. *Id.* at 8-9.

The Supreme Court has held that:

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones v. Bock*, 549 U.S. 199, 218 (2007). California Department of Corrections and Rehabilitation regulations require inmates to list all staff involved in the relevant incident and describe their involvement. ECF No. 21-6 at 2 ¶4; Cal. Code Regs. tit. 15, § 3084.2 (a)(3). The regulations also provide that inmates must state all facts known and available to them at the time they submit their grievances. Cal. Code Regs. tit. 15, § 3084.2 (a)(4). Here, the record

demonstrates that plaintiff failed to exhaust his administrative remedies against defendant. His grievance, construed in the most liberal manner possible, simply does not allege or offer any facts indicating that defendant engaged in misconduct against him. If plaintiff believed defendant had a hand in the unconstitutional acts perpetrated against him, he was required to describe the defendant's involvement by way of all facts known and available to him. His grievance plainly failed to do this. And this is not a case where prison officials overlooked this procedural flaw and expanded the scope of their review to include potential misconduct on the part of defendant. The second level response specifies that the only allegation being weighed was whether Sanchez used excessive force. ECF No. 21-6 at 14. Defendant is only mentioned as being present when Sanchez and plaintiff first encountered each other in the yard. *Id.*

In his opposition, plaintiff argues that the third level grievance response establishes that defendant was investigated concurrently with Sanchez. The third level response summarizes plaintiff's allegations as follows:

> It is the appellant's position that on October 7, 2015, Correctional Officer (CO) E. Sanchez used excessive and unnecessary force against him. Specifically, the appellant recounts walking from the yard urinals between Building 3 and Building 4 toward Building 2 for the morning meal program. As the appellant approached Building 3 he came into contact with CO B. Griffith and CO E. Sanchez. After a brief discussion with CO Sanchez, he was placed in handcuffs and escorted to Building 2. Once in the sally port, the appellant alleges that CO Sanchez slapped his head against the wall before picking him up and slamming him head first on the floor. In remedy, the appellant requests that CO Sanchez be terminated, that criminal charges are filed, and that he receive monetary compensation for all injuries.

ECF No. 21-6 at 8. Nothing in this summation indicates that a separate claim based on defendant's misconduct was considered. Instead, the most logical reading of the summation establishes that reviewing officials did not understand plaintiff to be making any claim against defendant at all. Notably, they summarized the relief requested against Sanchez –that he be terminated from his position - but failed to do the same for defendant. Plaintiff also points to the fact that the second level response form indicates that defendant was questioned during review of the incident. *Id.* at 13. There is, however, no indication that reviewing officials questioned defendant for the purpose of determining whether he personally engaged in misconduct. Nor can

it be the case that a prisoner automatically exhausts his administrative remedies against any staff member that grievance investigators choose to interview, regardless of whether the prisoner has offered any allegation of wrongdoing against that staff member.

Finally, plaintiff claims that relevant information is being withheld from him by defendant. ECF No. 23 at 2. This information allegedly relates, in part, to an interview between defendant and grievance investigators. *Id.* Plaintiff has attached a letter in which he demands that defendant's counsel provide him with videos of the grievance investigation, the yard on the day in question, and a staff complaint hearing. *Id.* at 22. Discovery in this case was to be completed by April 7, 2017. ECF No. 11. Plaintiff's demand letter is dated July 19, 2017. ECF No. 23 at 22. Plaintiff has not moved to extend discovery in this case. Further, it is far from clear that any of the video evidence sought by plaintiff would actually help him show exhaustion. Thus, the court declines to recommend denial of defendant's meritorious motion on this basis. *See Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 920-921 (9th Cir. 1996) (A party requesting further discovery in the face of a motion for summary judgment has a burden to show that the additional discovery being sought exists and would preclude summary judgment. A district court does not abuse its discretion where it denies a request for additional discovery by a party that has not been diligent in previously conducting discovery.).

### **Conclusion**

Accordingly, IT IS ORDERED that:

1. Plaintiff's Motion to Compel (ECF No. 25) is DENIED as untimely; and
2. The Clerk shall randomly assign a United States District Judge to this case.

Further, IT IS RECOMMENDED that defendant Griffith's motion for summary judgment (ECF No. 21) be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2017.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE