1  JOHN MCCAULEY
   Quinn Emanuel Urquhart & Sullivan, LLP
2   50 California Street, 22nd Floor
    San Francisco, CA 94111
3  *Attorney for Plaintiff Jimmy Bills*

4

   XAVIER BECERRA, State Bar No. 118517
5  Attorney General of California
   JON S. ALLIN, State Bar No. 155069
6  Supervising Deputy Attorney General
   SEAN W. LODHOLZ, STATE BAR NO. 299096
7  Deputy Attorney General
    1300 I Street, Suite 125
8   P.O. Box 944255
    Sacramento, CA 94244-2550
9   Telephone: (916) 210-7369
    Fax: (916) 324-5205
10  E-mail: Sean.Lodholz@doj.ca.gov
   *Attorneys for Defendant Sanchez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JIMMY BILLS,** | 2:16-cv-02137-KJM-EFB (PC) |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **E. SANCHEZ, et al.,** | Judge: Hon. Kimberly J. Mueller<br>Trial Date: Not Set<br>Action Filed: September 7, 2016 |
| Defendant. | |

**IT IS STIPULATED BY THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED BY THE COURT AS FOLLOWS:**

Plaintiff and Plaintiff's counsel have demanded the production of documents, which were withheld during the now closed discovery period. Defendant contends the requests contain confidential information which, if shared or disclosed, could jeopardize the safety and security of institution(s) operated by the California Department of Corrections and Rehabilitation (CDCR), its employees, inmates, informants and their families, the Defendant, or other individuals.

Defendant also contends that some of the information requested contains official information. The Court orders the following to protect the confidentiality of those documents:

1. The provisions of this Protective Order apply to all confidential records and information ("confidential material") responsive to Plaintiff's discovery requests and designated by Defendant and/or CDCR as "Confidential," and those confidential records and information which the Court orders Defendant and/or CDCR to produce. The Court-issued Protective Order applies because those documents contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendant, or other individuals.

2. The confidential material may be disclosed only to the following persons:

    (a) Plaintiff's retained attorney(s) of record;

    (b) The attorney(s) of record for Defendant and CDCR;

    (c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for Plaintiff, Defendant, or CDCR, who are necessary to aid counsel for Plaintiff, Defendant, and CDCR in the litigation of this matter;

    (d) Experts or consultants retained by counsel; and

    (e) Court personnel and stenographic reporters necessarily involved in these proceedings.

3. None of the confidential material or information contained within the confidential material shall be shown to, discussed with, or disclosed in any other manner to Plaintiff, any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendant and CDCR, who maintain possession and control over the original confidential material.

4. No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court in redacted form in connection with this matter. Any copies made for such purpose

08860-00001/11049403.1                                  2

Stipulated Protective Order  (2:16-cv-02137-KJM-EFB (PC))

will be subject to this order. A copy of this order must be provided to any individual authorized to access the confidential material before providing that individual with access to the confidential material, including experts or consultants retained by counsel. Counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided. The Court and counsel for Defendant and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

5. If a party expects to file any exhibits or documents with the Court that reveal confidential material, or the contents of any confidential material, a meet and confer between the parties is required to determine the appropriate redactions, as the court does not file documents related to trial under seal.

6. Counsel for each party shall only discuss in open court the summaries of confidential information contained in any non-confidential record.

7. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, counsel for Plaintiff shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for Defendant.

8. All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

9. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

10. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendant and/or CDCR an opportunity to be heard should the Court find modification of this order necessary.

11. Defendant will produce the following confidential material to Plaintiff's counsel:
    a. Redacted inmate appeal log number MCSP-A-15-00178.
    b. Confidential supplement to Plaintiff's appeal, log number MCSP-A-15-02832.
    c. Use of force critique for incident number MCSP-A02-15-0361.

      d. Defendant Sanchez's training records.

    12. Copies of the documents listed above will not be filed with the court, but will be produced to Plaintiff's counsel once this order is executed. To the extent that there are additional responsive documents covered by this protective order, the parties shall meet and confer regarding the production of those documents.

Dated: September 3, 2019                                Respectfully submitted,

                                                                         /s/ *John McCauley*

                                                                         JOHN MCCAULEY
                                                                         Quinn Emanuel Urquhart & Sullivan, LLP
                                                                         *Attorney for Plaintiff*


                                                                         */s/ Sean W. Lodholz*

                                                                         SEAN W. LODHOLZ
                                                                         Deputy Attorney General
                                                                         *Attorney for Defendant E. Sanchez*


**IT IS SO ORDERED.**

DATED: September 9, 2019.

                                                                         UNITED STATES DISTRICT JUDGE